TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Samuel Leon

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| Samuel Leon,<br><br>        Plaintiff,<br><br>  vs.<br><br>Data Check of America aka Data Check of Nevada, LLC,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE TELEPHONE CONSUMER PROTECTION ACT;**<br>**2. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**3. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Samuel Leon (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Data Check of America aka Data Check of Nevada, LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Hanford, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6.  Defendant is a business entity located in Las Vegas, Nevada, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7.  Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.  Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.  Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Plaintiffs alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 559-XXX-1298 (hereafter "Number").

13. Beginning in February of 2016, Defendant placed automated calls to Plaintiff's Number in an attempt to collect a debt.

14. Upon information and belief, Defendant is calling regarding an alleged debt incurred more than ten years ago, and for which Defendant is time-barred from pursuing in the state of California.

15. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

16. Upon answering calls from Defendant, Plaintiff was met with a prerecorded message stating, "This call is regarding an account item from the bank. This matter is scheduled to be forwarded out as a wage execution within twenty-four business hours.  Please contact our office to resolve this legal matter at 866-218-3402."

17. Defendant repeatedly called Plaintiff's Number and Plaintiff's home telephone using an ATDS and/or Robocalls multiple times per day over consecutive days at an excessive rate, with the clear intent to annoy and harass Plaintiff.

18. When Plaintiff returned Defendant's call, Defendant accused Plaintiff of not wanting to pay the alleged debt and stated that it would "move on from here."

19. At no time has Plaintiff provided his Number to Defendant or the original creditor, nor has he consented to receive ATDS calls and/or Robocalls to that number.

20. Defendant's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

23. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a prerecorded message requesting a return call.

24. Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

25. Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

26. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

27. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

28. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

31. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

32. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

33. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

34. Defendant placed telephone calls to Plaintiff without disclosing the caller's identity, in violation of 15 U.S.C. § 1692d(6).

35. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

36. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

37. Defendant, without intending to take such action, represented and/or implied that nonpayment of the alleged debt would result in garnishment of Plaintiff's wages or attachment of Plaintiff's property, in violation of 15 U.S.C. § 1692e(4).

38. Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

39. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

40. Defendant communicated with Plaintiff and failed to disclose that it was a debt collector and/or that it was attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11).

41. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

42. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT III

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

45. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

46. Defendant threatened to garish Plaintiff's wages if the alleged consumer debt was not paid, when it had no intent or lawful means to do so, in violation of Cal. Civ. Code § 1788.10(e).

47. Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

48. Defendant falsely represented that a legal proceeding had been or was about to be instituted unless the alleged consumer debt was paid, in violation of Cal. Civ. Code § 1788.13(j).

49. Defendant failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

50. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

E. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

F. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

G. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: May 27, 2016          TRINETTE G. KENT

By:   */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Samuel Leon